UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL A. BLAIR,<br><br>               Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | 23-mc-688-NRM<br><br>MEMORANDUM & ORDER |

NINA R. MORRISON, United States District Judge:

Petitioner Daniel Blair, proceeding *pro se*, moves to expunge his 2002 conviction for conspiring to possess with intent to distribute narcotics. ECF No. 1, ("Pet."); *see* ECF No. 7 ("Gov. Opp'n") at 1. Because this Court lacks jurisdiction to grant the relief that Petitioner requests, his petition is denied.

### I. Background

On July 16, 2002, Daniel Blair ("Petitioner") pleaded guilty before the Honorable John Gleeson to one count of conspiring to possess with intent to distribute cocaine. Gov. Opp'n at 1; *see United States v. Blair*, 02-cr-752, ECF No. 12 (E.D.N.Y.). On January 28, 2005, Judge Gleeson sentenced Petitioner to a term of imprisonment of twelve months and one day, and five years of supervised release. *See United States v. Blair*, 02-cr-752, ECF No. 21.

Petitioner moved to expunge his conviction on March 9, 2023. Pet. at 1. In his motion, Petitioner explains that he brought the instant petition because he has been a law abiding and productive member of society since his 2002 arrest. For

1

example, after his arrest and while waiting for his case to be heard, Petitioner sought full-time employment and additional volunteer opportunities at a men's mental health and addiction shelter in Harlem. Pet. at 5. Now having completed his sentence and successfully reintegrated into society, he works as an Investigator at New York County Defender Services, regularly volunteers, and is an active member of his church. Pet. at 5–6. Despite his dedicated work history and strong commitment to public service, Petitioner alleges that the stigma of his felony record prevents him from advancing his career. Pet. at 6. The Government filed its opposition to Petitioner's requested relief on June 21, 2023. *See generally* Gov. Opp'n.

## II. Discussion

In *Doe v. United States*, the Second Circuit held that district courts generally lack jurisdiction to expunge criminal convictions. 833 F.3d 192, 196–97 (2d Cir. 2016). *See also Cicero v. United States*, 19-mc-1143, 2021 WL 2075715, at *1 (E.D.N.Y. May 24, 2021) ("Federal district courts lack subject matter jurisdiction to expunge lawful convictions, except in limited circumstances provided for by statute, and cannot exercise ancillary jurisdiction to do so." (citing *Doe*, 833 F.3d at 196–97)); *Yearwood v. United States*, 18-mc-1835, 2022 WL 4662091, at *1 (E.D.N.Y. Sept. 30, 2022). Following *Doe*, district courts in this Circuit "have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress." *United States v. Hernandez*, 08-cr-422-16, 2022 WL 3369596, at *1 (S.D.N.Y. Aug.

2

16, 2022) (quoting *Hurlburt v. United States*, 94-cr-866, 2022 WL 2714070, at *2 (S.D.N.Y. July 13, 2022) (collecting cases)).[1]

Here, the Court lacks jurisdiction over Petitioner's case for several reasons. First, Petitioner does not challenge the validity of his 2002 conviction. As the Second Circuit explained in *Doe*, district courts do not have jurisdiction to expunge a valid conviction unless expressly authorized by Congress. 833 F.3d at 196. Therefore, "because Petitioner 'does not challenge the validity of [his] conviction' and fails to 'point to any statutory exception that would confer jurisdiction,' the court lacks subject matter jurisdiction over [his] petition." *Yearwood*, 2022 WL 4662091, at *1 (citation omitted); *Cicero*, 2021 WL 2075715, at *2 (denying motion to expunge a criminal record where petitioner did not challenge the validity of the underlying conviction and the conviction was many years old).

Second, this Court does not have ancillary jurisdiction over a motion to expunge. In *Doe*, the Second Circuit emphasized that a federal court's ancillary jurisdiction does not extend to include motions to expunge or seal a criminal conviction on equitable grounds. 833 F.3d at 198–99; *see United States v. White*, 99-cr-324, 2022 WL 17666362, at *1 (S.D.N.Y. Dec. 14, 2022) ("*Doe* also held that a district court lacks ancillary jurisdiction to seal a valid criminal conviction solely on equitable grounds."). In this case, as in *Doe*, Petitioner's sentence "long ago concluded," and the sentencing court's "decrees long since expired," since Petitioner

---

[1] As the Government explains, "courts use the terms 'expunge' and 'seal' interchangeably and 'apply the same standard in analyzing motions to seal and motions to expunge criminal records.'" Gov. Opp'n at 2 n.1 (quoting *Melvin v. United States*, 18-mc-3359, 2019 WL 5394646, at *1 n.1 (E.D.N.Y. Oct. 21, 2019)).

3

pleaded guilty over twenty years ago.  *See Doe*, 833 F.3d at 198.  Ancillary jurisdiction does not extend over Petitioner's motion.

The Court notes that the dismissal of Petitioner's motion is not in any way a comment on the merits of Petitioner's argument that he should no longer have to bear the weight of a felony conviction on his record over two decades after his guilty plea and successful reintegration into society.  Although it may be small comfort, the Court notes that Petitioner may be able to take advantage of certain protections for individuals with previous criminal convictions under state law, as other judges in this district have emphasized.  *See, e.g., Yearwood*, 2022 WL 4662091, at *2 n.3 ("New York State law prohibits employers from denying or taking adverse action on a job application, because of an applicant's previous conviction, unless there is a 'direct relationship' between the offense and the employment sought, or granting employment would involve 'unreasonable risk.'" (quoting *Belardo v. United States*, 21-mc-1016, 2021 WL 4972495, at *2 (E.D.N.Y. Oct. 26, 2021)).

At some point, Congress may choose to provide federal district courts with the discretion to expunge otherwise-valid convictions, particularly in cases like Petitioner's in which the person was convicted of a non-violent offense and has successfully reentered society with no further convictions.  However, absent further authorization from Congress, this Court does not have jurisdiction to consider the merits of Petitioner's claim that an expungement is appropriate here.

## III.      Conclusion

For the reasons stated above, Petitioner's motion to expunge or seal his criminal record is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

*/s/ NRM*

NINA R. MORRISON
United States District Judge

Dated:      August 22, 2023
            Brooklyn, New York